872 So.2d 548 (2004)
Michael K. LEWIS
v.
Cynthia McCray LEWIS.
No. 2003-CA-1631.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 2004.
*549 Clarence Roby, Jr., New Orleans, LA, for Plaintiff/Appellee.
Edith H. Morris, Suzanne Ecuyer Bayle, Bernadette R. Lee, Morris, Lee & Bayle, L.L.C., New Orleans, LA, for Defendant/Appellant.
(Court composed of Chief Judge JOAN BERNARD ARMSTRONG, Judge EDWIN A. LOMBARD, Judge Pro Tempore MOON LANDRIEU).
EDWIN A. LOMBARD, Judge.
The defendant seeks review of the trial court's judgment partitioning the community property that had existed between herself and the plaintiff.

FACTS AND PROCEDURAL HISTORY
Plaintiff, Michael K. Lewis, and defendant, Cynthia McCray Lewis, were married on September 15, 1984. On March 22, 1985 both parties executed a mortgage on a house located at 2601 Valence St. The parties later modified their marital regime by entering into a marital agreement. The agreement, approved by the court on August 4,1987, provided in pertinent part:
Each party is to bear his or her own marital debts, the salary of each is to be considered separate property, each party is to responsible for his or her own premarital financial obligations of any nature, MICHAEL LEWIS is to be responsible for all obligations of the maintenance of the family home of his marriage with CYNTHIA McCRAY LEWIS. Each party to this agreement is free to contract in his or her own right to obligate his or her self without the consent of the other. The parties further agree that in the event this marriage ends in divorce or separation CYNTHIA McCRAY LEWIS's interest in the family home cannot amicably be resolved it shall be submitted to the determination by a court of competent jurisdiction.
Mr. Lewis filed a bankruptcy petition on January 8, 1999, but failed to include Mrs. Lewis as a co-debtor and spouse and provide notice to her of the bankruptcy. On April 22, 1999, the United States Bankruptcy Court discharged Mr. Lewis from his debts. Mr. Lewis filed a petition for divorce on January 12, 2001. A judgment of divorce was signed on January 23, 2002. Mr. Lewis filed a petition to partition the community property on November 12, 2002. After a hearing on the matter, the trial court rendered judgment, on May 13, 2003, partitioning the community and awarding Mr. Lewis title and full ownership of the family home. Mrs. Lewis appeals contending that the trial court erred in its judgment.

ASSIGNMENT OF ERROR NO. 1
Mrs. Lewis argues that the trial court should not have granted Mr. Lewis reimbursement of one-half of the mortgage payments made on the family home because the marital agreement provided that Mr. Lewis was obligated to pay for the maintenance of the family home.
"A matrimonial agreement is a contract establishing a regime of separation of property or modifying or terminating the legal regime. Spouses are free to establish by matrimonial agreement a regime of separation of property or modify the legal regime as provided by law." La. C.C. art. 2328. "Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning *550 suggested by the contract as a whole." La. C.C. art. 2050.
In the present case, the marital agreement created separate regimes for certain obligations and debts. The language of the agreement reflects that the cost of maintenance of the family home was to be the separate obligation of Mr. Lewis. Thus, the trial court erred in granting Mr. Lewis reimbursement of the mortgage payments made pursuant to the marital agreement.

ASSIGNMENT OF ERROR NO. 2
Mrs. Lewis contends that the trial court erred when it awarded her only one-half the cost of the renovations to the family home for which she paid. She argues that the renovations took place after the execution of the marital agreement. However, a review of the hearing transcript and the exhibits introduced into evidence does not support her argument.
The transcript, exhibits, and documents concerning the siding financed through American General do not indicate when the renovations occurred. In addition, while Mrs. Lewis testified that she used five thousand dollars of her separate property to pay for renovation work, she did not state when the renovations took place. Mrs. Lewis has not shown that the renovations occurred after the marital agreement was executed. Therefore, the trial court was not in error when it awarded Mrs. Lewis reimbursement for only one-half of the costs of the renovations.

ASSIGNMENT OF ERROR NO. 3
Mrs. Lewis suggests that the trial court erred when it failed to grant her reimbursement for the payments made on a loan issued during their marriage. She argues that even though Mr. Lewis was discharged from the debt in bankruptcy, he is still liable to her for reimbursement of a community debt. Mr. Lewis obtained a loan from Whitney Bank to start a business. When Mr. Lewis was discharged from the debt by the bankruptcy court, Whitney Bank notified Mrs. Lewis that she would be responsible for the entire debt. Mrs. Lewis then began making payments on the loan. She sought to obtain reimbursement for one-half of the payments she has made on the loan since Mr. Lewis' bankruptcy. Mr. Lewis contends that he has no liability at all since he was discharged from the debt in bankruptcy. At the time of the hearing the principal and interest owed on the loan was $33,628.00, and Mrs. Lewis had made payments in the amount of $12,300 on the note.
La. C.C. art. 2360 defines a community obligation as "[a]n obligation incurred by a spouse during the existence of a community property regime for the common interest of the spouses or for the interest of the other spouse is a community obligation." While the parties executed a marital agreement, the agreement involved only certain debts and did not include the Whitney loan. Clearly, the loan was a community obligation.
Mr. Lewis argues that even though the obligation was a community debt, Mrs. Lewis is not entitled to reimbursement because the debt was discharged in bankruptcy. This Court has dealt with a similar situation in Crais v. Crais, 98-1477 (La.App. 4 Cir. 1/13/99), 737 So.2d 785. In Crais, the husband filed a petition for bankruptcy and did not list his ex-wife as a creditor, list the partition judgment in the suit, or provide his ex-wife with notice of the bankruptcy. The husband was subsequently discharged from his debts. Thereafter, the ex-wife filed a motion to allocate and/or distribute assets and liabilities. The ex-wife argued in her motion that as the judgment partitioning the community property had not been included in the list *551 of debts in the bankruptcy proceedings, this obligation had not been discharged. The husband filed an opposition arguing that the debts of the community had been discharged in the bankruptcy proceedings, and they could not be allocated to him. This Court affirmed the trial court's determination that the claim for reimbursement was not discharged by the bankruptcy.
Accordingly, in the present case, Mr. Lewis' discharge in bankruptcy does not affect his responsibility for reimbursement to Mrs. Lewis for the payments she has made on the Whitney loan with her separate funds. Mrs. Lewis in entitled to reimbursement of one-half of the monies paid on the obligation with her separate property. The trial court erred when it denied Mrs. Lewis' request for reimbursement.
Therefore, the trial court's judgment is affirmed as to the determination that Mrs. Lewis was entitled to only reimbursement for one-half of the cost of renovations made to the family home. However, the trial court's ruling on the reimbursements due to Mr. Lewis for the mortgage payments and the denial of reimbursements to Mrs. Lewis on the Whitney loan are reversed. The judgment of partition is affirmed in part and reversed in part and Mrs. Lewis is entitled to an equalizing payment of $92,584.00 for her interest in the community.
The following list itemizes the amounts considered in this appeal:

 ASSETS
2601 Valence Street $182,000.00
Balance of Mortgage - $ 17,100.00
Equity $164,900.00
TOTAL ASSETS $164,000.00
 LIABILITIES
Whitney Loan $ 33,628.00
TOTAL LIABILITIES $ 33,628.00
 RECAPITULATION
Total Assets $164,900.00
Total Liabilities $ 33,628.00
Net Community $131,272.00
½ Community Interest $ 65,610.00
2
 REIMBURSEMENTS DUE MICHAEL K. LEWIS
None
 TOTAL AMOUNT DUE MICHAEL K. LEWIS
None
 REIMBURSEMENTS DUE CYNTHIA McCRAY LEWIS
American General Finance Acct. No 39234566 ½ $13,648.00
Renovations for 2601 Valence Street ½ $ 5,000.00
Rent for 2601 Valence Street $11,500.00
Payments made on Whitney loan ½ $12,300.00
Total Reimbursements due Cynthia McCray Lewis $26,974.00
 TOTAL AMOUNT DUE CYNTHIA McCRAY LEWIS
½ Community Interest $65,000.00
Reimbursement claim of Cynthia McCray Lewis $26,974.00
Total amount due Cynthia McCray Lewis $92,584.00

*552 AFFIRMED IN PART; REVERSED IN PART